[J-8-2015] [MO: Todd, J.]

**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**


| | | |
|---|---|---|
| MICHAEL G. LUTZ LODGE NO. 5, OF THE FRATERNAL ORDER OF POLICE, | : | No. 42 EAP 2014 |
| | : | |
| | : | Appeal from the Order of |
| Appellant | : | Commonwealth Court entered on |
| | : | January 2, 2014 at No. 114 CD 2013, |
| | : | affirming the Order entered on |
| v. | : | December 27, 2012 in the Court of |
| | : | Common Pleas, Philadelphia County, |
| | : | Criminal Division at No. 2165 October |
| CITY OF PHILADELPHIA, | : | Term 2011. |
| | : | |
| Appellee | : | ARGUED: May 5, 2015 |


**DISSENTING OPINION**


**MR. JUSTICE BAER**                    **DECIDED: December 21, 2015**

I agree with the majority that an interest arbitration panel's authority is limited to entertaining issues properly submitted to the panel, as well as questions reasonably subsumed within those issues. I respectfully dissent, however, from the majority's application of that settled law to the facts presented. Here, the 2009 interest arbitration award provided for overtime pay to police officers who did not receive timely notice of court appearances scheduled to occur on their days off. Notably, the panel expressly retained jurisdiction to resolve disputes regarding implementation of the 2009 award. Various disputes, in fact, arose, one of which involved the method of providing notice of court appearances, particularly because the 2009 award also permitted certain police

officers to live outside the City of Philadelphia, thereby making personal notice impracticable.[1]

In my view, which is consistent with the rulings of the 2011 interest arbitration panel, the trial court, and the Commonwealth Court below, the issue of how notice should be provided clearly arose from the implementation of the 2009 award, which required timely notice in the first instance upon penalty of overtime payments. Accordingly, I do not believe that the 2011 interest arbitration panel exceeded its authority by adjudicating the precise implementation issues that it retained jurisdiction to resolve.

As explained by the majority, the 2009 interest arbitration award had three provisions relevant to the instant case. First, Section 14 of the award provided:

> Effective January 1, 2010, officers who do not receive notification at least 48 hours in advance of the time they are directed to appear for a required court appearance (other than preliminary hearing) scheduled for a date the officer is not scheduled to work, shall be paid a minimum of 4 hours overtime at a rate of 2.5 times the employee's regular rate.

2009 Interest Arbitration Award dated December 18, 2009, § 14. Section 14 was intended to address concerns that police officers were receiving notices to appear in court the night before or the morning of a scheduled hearing on an officer's day off, thereby disrupting the officer's personal plans for that day. The next relevant provision in the 2009 award stated that officers with five or more years of service as a police officer no longer have to reside in the City of Philadelphia. Id. § 6. Finally, and most

---

[1] In this regard, it is important to appreciate that so long as all police officers lived within City boundaries, officers conducting roving patrols could, if necessary, deliver notice at officers' homes while performing routine police activities. When the officers were permitted to live outside the City's confines, however, personal notice would require officers to travel to whatever distant points an officer chose to reside, potentially placing a substantial and costly burden upon the City.

significantly, Section 22 of the 2009 award provided that the interest arbitration panel "shall retain jurisdiction over this Award in order to resolve any disputes regarding implementation of its terms." Id., § 22. The panel presumably retained jurisdiction to assist the parties, as an extension of the interest arbitration process, in resolving issues that were not identifiable prior to entry of the award and which, instead, surfaced as a direct result of a provision of the award.

The record establishes that both parties invoked the interest arbitration panel's retained jurisdiction to procure review of issues arising from the implementation of the 2009 award. In March of 2010, the Michael G. Lutz Lodge No. 5 of the Fraternal Order of Police (FOP) specifically requested that the interest arbitration panel exercise its authority under Section 22 to resolve implementation issues that had arisen regarding Section 14's grant of overtime for insufficient notice to police officers. Specifically, the FOP objected to a statement issued by the Philadelphia Police Department (Department) indicating that if an officer was notified at least 48 hours before a court appearance on a scheduled day off and the case was continued until the next day, the officer would not be entitled to overtime, even if additional notification for the next day was not given. The FOP objected to the Department's reasoning that, under those circumstances, there was no disruption to the police officer's personal schedule because the officer received sufficient notice.

In response, the City raised its own implementation issue regarding court notices mandated by the 2009 award, and advocated for electronic delivery of notices through telephone or email. It contended that Section 14's requirement that overtime must be paid to officers notified within 48 hours of court appearances, coupled with Section 6's changed residency requirement applicable to enumerated police officers, made it more difficult and costly to effectuate notice, as discussed in footnote one, supra. A hearing

was held, at which both parties provided testimony and evidence in favor of their respective positions on the delivery of notice issue.

The majority acknowledges these facts, but concludes that the 2011 interest arbitration panel exceeded its authority by addressing the manner of notification issue because the parties did not raise it before the 2009 interest arbitration panel, and because this issue is not "reasonably subsumed in, or 'part-and-parcel' of, the overall notice compensation question." Majority Opinion at 18-19. It concludes that "the timing of notification and premium overtime compensation for an officer's court appearance are simply not directly related to, or even dependent upon, the manner of notification." Id. at 19.

Respectfully, I agree with all of the lower tribunals that considered this matter and reached the opposite conclusion, finding that the manner of providing notice of court appearances was a proper subject before the 2011 interest arbitration panel because the issue arose directly from the implementation of the terms of the 2009 award, which expressly required 48-hour notice in the first instance. See Decision and Award of Arbitration Panel, Sep. 16, 2011, at 11 (opining that "the manner of notification is as much a part of Section 14's implementation as is the question of what days would the premium overtime payments cover. Leaving the manner of notification untouched would be a dereliction in the Board's responsibility to resolve issues pertaining to the implementation of the Award's substance"); Trial Court Opinion, Mar. 6, 2013, at 14-15 (holding that "the issue of how court notices are delivered relates directly to how the court notification provision is implemented . . . the method of that notification is an inseparable and inherent part of the process"); Commonwealth Court Opinion, Jan. 2, 2014, at 15 (holding that the 2011 interest arbitration panel proceeding, which examined

the method of affording notice of court appearances "directly related to the 2009 Award of mandatory premium overtime in instances when the City fails to give proper notice").

I further depart from the majority's conclusion that because the 2009 award did not address how notices should be delivered, the 2011 interest arbitration panel exceeded its powers in entertaining the inquiry. The lack of guidance on how the City must provide the notice to avoid the payment of substantial overtime is precisely why the issue of delivery of notice constitutes an issue regarding implementation of the 2009 award, which the interest arbitration panel retained jurisdiction to resolve. Moreover, during the proceedings leading up to the 2009 award, the City argued vigorously against requiring the 48-hour notice of court appearances. Thus, it had no reason to propose changes to existing notice procedures until after receiving the arbitration panel's decision. As the trial court noted, "[s]ince the full impact of the 2009 Award could not be determined until it was actually issued, the FOP's complaint that the City failed to address and seek changes to the practice before the 2009 Award was issued and implemented was absurd." Trial Court Opinion at 15.

Accordingly, I would hold that the 2011 interest arbitration panel did not exceed its authority in addressing the delivery of notice issue, but decided an implementation issue properly before it pursuant to its retained jurisdiction. Given our narrow *certiorari* standard of review in Act 111 arbitration cases, I would affirm the order of the Commonwealth Court, which affirmed the trial court's denial of the FOP's petition to vacate the 2011 interest arbitration award.